DA 12-0749

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 252N

IN RE THE MARRIAGE OF:

ROSS JULSON,

Petitioner and Appellee,

and

MARCI LYNN JULSON,

Respondent and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Nineteenth Judicial District, In and For the County of Lincoln, Cause No. DR 11-84 Honorable James B. Wheelis, Presiding Judge |

COUNSEL OF RECORD:

For Appellant:

Douglas C. Allen; Attorney at Law; Cut Bank, Montana

For Appellee:

Heather McDougall; Attorney at Law; Troy, Montana

Submitted on Briefs:   August 14, 2013

Decided:   September 3, 2013

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Marci Lynn Julson (Marci) appeals from the October 16, 2012 order of the Nineteenth Judicial District Court granting the motion of Ross Julson (Ross) to hold Marci in contempt for her failure to pay interim child support as previously ordered by the District Court, and imposing attorney fees. Marci likewise challenges the court's subsequent order of November 13, 2012, adjusting the total amount of fees to be paid.

¶3     The parties were married on August 28, 1992, and had three children together. They separated on May 31, 2011. Ross filed a petition for dissolution on June 7, 2011, and Marci filed a response and counterclaim on June 27, 2011. Ross filed a motion for an interim parenting plan and child support on August 18, 2011, alleging that the children had been living with him since the parties' separation and requesting that Marci pay $1,329 per month in child support. After a hearing on the motion, the District Court entered an order on December 19, 2011, stating "[t]he court believes that Ross has been the major caretaker and has taken more interest in and spent more time with the children's various athletic and social activities. . . . All told, the best interest of the children is for Ross to be the major caretaker."

¶4     Noting Ross's child support request and calculations,[1] the District Court found "that child support should be paid according to the child support guidelines as the parties' incomes and expenses stand for 2012, insofar as that can be calculated now. . . . Child support should be calculated as of January 1, 2012." The court ordered that "[c]hild support shall commence as calculated for the parties' income after January 1, 2012."

¶5     A hearing on final determination of the dissolution issues was conducted on January 11, 2012, and the District Court entered findings of fact, conclusions of law, a final parenting plan, and a decree of dissolution on April 30, 2012. In its findings, the court noted that "[a]s ordered in the December 19, 2011, order adopting an Interim Parenting Plan, Marci shall begin to pay child support commencing January 1, 2012." The court also ordered Marci to make permanent child support payments of $1,257 per month, commencing May 1, 2012, and adjusted that amount downward effective on future dates to reflect the cessation of support for the parties' children as they graduated from high school. The court permitted Marci to reduce these payments by $750 per month "to offset the additional property settlement amounts due her." The court again noted that Marci "was earlier ordered to pay child support commencing January 1, 2012."

¶6     Ross filed a motion for contempt and for attorney fees in September 2012, stating that Marci had failed to pay "child support as ordered for January 1, 2012 to April 30, 2012." Marci filed a response asserting that the interim order was superseded by the final

[1] The court stated that Ross's calculations at the hearing indicated that Marci should pay $1,314 per month in child support.

3

judgment and was of no further force and effect, arguing that Ross "simply has no basis to seek the temporary child support." Ross filed a reply to Marci's response, and thereafter the court entered an order on October 16, 2012, ordering Marci to pay $5,028 "for child support from January 1, 2012 to April 30, 2012." On November 13, 2012, the court entered an order revising the amount owed to $5,256.

¶7 On appeal, Marci argues that the District Court erred and violated her due process rights by failing to convene a hearing to give her to a reasonable opportunity to meet the contempt charge and be represented by counsel, to permit her to deduct $750 per month from the interim support obligation, and by awarding attorney fees to Ross. Ross argues that the contempt order is not appealable, that Marci had a reasonable opportunity to respond and did not request a hearing, that Marci did not raise the $750 offset before the District Court, and that attorney fees were proper. He requests that we award him fees on appeal.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Contempt orders in family law cases involving ancillary orders affecting the substantial rights of a party are appealable. *Lee v. Lee*, 2000 MT 67, 299 Mont. 78, 996 P.2d 389. Marci was represented by counsel and filed a response to the contempt motion. She did not request a hearing prior to the court's order or seek an offset, but rather contested the validity of the interim child support order. The issues in this case are ones of judicial discretion and there clearly was not an abuse of discretion, including the award of

4

attorney fees. Any legal issues are controlled by settled law and were correctly interpreted by the District Court. Ross's request for attorney fees on appeal is denied.

¶9     Affirmed.


                                        /S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ BRIAN MORRIS